UNITED STATES of America, Plaintiff–Appellee,

v.

Robert Henry DAVIS, a/k/a Pops, Defendant–Appellant.

No. 08–8475.

United States Court of Appeals, Fourth Circuit.

Submitted: Feb. 19, 2009.

Decided: Feb. 27, 2009.

Robert Henry Davis, Appellant Pro Se. John Walter Sippel, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Henry Davis seeks to appeal the district court's orders treating his Fed. R.Civ.P. 60(b) motions as successive and unauthorized 28 U.S.C.A. § 2255 (West 2006 & Supp.2008) motions, and dismissing them on that basis. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); *Reid v. Angelone,* 369 F.3d 363, 369 (4th Cir.2004). A

certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683–84 (4th Cir.2001). We have independently reviewed the record and conclude that Davis has not made the requisite showing. Accordingly, we grant Davis's motion to supplement his appeal, deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Davis's notice of appeal, informal brief, and motion to supplement as an application to file a successive motion under 28 U.S.C. § 2255. *United States v. Winestock,* 340 F.3d 200, 208 (4th Cir.2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2006). Davis's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*